The second case this morning is 22-2263, Trantham v. Tate. Mr. Mosley, whenever you're ready. Thank you, Your Honor. My name is Todd Mosley. I represent Sheila Trantham, the appellant in this case. This case is about the lower court's decision that did not allow the debtor to include a nonstandard provision in her plan, a provision that was explicitly authorized by the Bankruptcy Code that allows her to revest property that she held before filing bankruptcy to revest at the time of confirmation rather than at the time of final decree under the court's model form plan. Can you speak up, please? Yes. Thank you. This rendered Section 1322B-9 of the Bankruptcy Code a nullity, and this exceeded the court's authority. The Bankruptcy Code grants exclusive power to the debtor to propose or plan terms. This is under 11 U.S.C. 1321 and 1322. The Supreme Court recognizes the debtor's right to file a plan as her exclusive and valuable right. This is under Bullard v. Blue Hills Bank. 1322B grants the authority to select any of the plan provisions in 1 through 10 that she chooses for her plan that suits her needs. Only Section B-11 requires any further analysis of the court to determine whether it conflicts with the Bankruptcy Code. But Section B-9, the vesting provision, is explicitly permitted. That allows her to choose the time of vesting, whether that's at the time of confirmation or at a later date. Is your argument that the Western District rule with vesting at the time of discharge is an impermissible rule? Or is your argument that we sufficiently complied with the form and should have been entitled to vesting at the time of confirmation as a nonstandard matter? Which of those are you advancing? Well, first, the form Chapter 13 plan in the Western District doesn't revest at the time of discharge. It waits until the close of the case, so after discharge. So is your argument that the whole Western District rule that vesting takes place at the time of discharge rather than confirmation is an impermissible view of the Bankruptcy Code and rules? I need to know a very direct answer to whether that's your argument. The argument is that the court cannot overrule the debtor using a nonstandard provision. Well, of course, but what about the federal rules? Do you, is the Western, you know, most, a great many bankruptcy courts across the country and certainly in the Western District of North Carolina have adhered to the rule that vesting takes place at the time of discharge. Others believe that it's at the time of confirmation. The opposing folks argue that it's permissive. Do you think that the Western District is acting in violation of federal bankruptcy law? Yes, it is when it mandates that provision over the debtor's term. Why is that? It says that there's a lot of language that uses the word may in the Bankruptcy Code and in the bankruptcy rules, which would seem to indicate that the district courts have some discretion with respect to the timing of vesting. It's not a substantive difference, I guess, as much as a timing difference. But how do you explain the somewhat, the permissive references in the Bankruptcy Code and the bankruptcy rules? Because we have to be a little bit cautious about kicking up too much dust and telling the Western District and however many other districts across the circuit that the way you've been doing this for the longest amount of time is now wrong and you're going to have to adopt a different view as to when vesting takes place. I mean, you don't want to break too much china without a good reason for doing so. Under Section 1327, the confirmation provision, it allows the court to specify in the confirmation order a later time of vesting. But the court would only have authority to do this if the debtor did not specify in her plan and the plan was silent as to vesting. Otherwise, Section 1321 and Section 1322 give the debtor the exclusive right to propose that. Why is it wrong to look at the permissive nature of vesting as something that runs two ways? That the bankruptcy district has some discretion as to when vesting takes place. But on the other hand, the debtor is given discretion under the forms to vary the standard condition and to ask for a non-standard condition that vesting take place at the time of confirmation. And so you've got a situation now where the bankruptcy district has some discretion as to when vesting takes place and then the debtor has some latitude in altering that standard of the standard and having vesting take place at an earlier point in time. In other words, the argument can be made that two parties are given discretion here, the bankruptcy court and the debtor, to work out a mutually agreeable kind of thing. Now that's the way bankruptcy practice works in a good many districts, including the western districts. So why is this wrong? We would be kicking up dust and perhaps quite unnecessarily given the way the bankruptcy rules are worded. It's just a practical observation. Why am I wrong? I'm over time here. If you'd like me to answer the question. Absolutely. The Supreme Court has recognized that the bankruptcy courts used to be based under equitable powers. They have recognized now under law versus Siegel that the bankruptcy courts' equitable powers are limited. So that kicks up some dust in changing as we shift from the old way of doing things that we still do that conflict with the modern bankruptcy code. And Congress gives the power to the debtor under 1322B to select those provisions that they choose. And for the court to override that decision, it needs to find some reason under 1325A to object to that plan or the trustee would need to find a reason under 1325B to base their objection. Mr. Mosley, let me ask you about that. So let's say we don't agree with you and we think that Judge Wilkerson is positive that both the court and it seems logical that the court would have some say in how a plan is created and ultimately confirmed. And if we say as he suggests that both parties have a say in when vesting takes place, and in this case your client proposed an alternative method of vesting. She wanted vesting at confirmation and she did so by striking out the standard language and inserting her preferred method of vesting. In response to that, the trustee objected. And at that point, wouldn't it have been incumbent upon your client to explain to the court, well, the reason why I want vesting at X date confirmation as opposed to later is because whatever the reason might be. And then it would be up to the bankruptcy court to decide whether or not that's appropriate. The bankruptcy court was more concerned with its policy. Well, and that's a good reason why perhaps the court abuses discretion. It seemed to be fixated on the local rule and the plan saying this is our policy, end of story. That doesn't seem very satisfying to me. And maybe that's the argument you should be making is that the only reason the court gave for rejecting your client's proposed confirmation date was because it had a policy. That doesn't seem like a very good reason. Yes, Your Honor. There was no exercise of discretion under that ruling with a blanket policy. Okay. Thank you very much. Oh, sorry. Yeah, go ahead. What is your colleague going to argue there? Maybe the question is better directed at him. What is he going to argue? Not who is he, but what is he going to argue? What issues is he going to address? Your Honor, I was going to, I guess, tread Richard Cook on behalf of Amici Curie National Association. Oh, then I think I better ask this fellow because he's in the case. So I have a standing question. This whole day seems to be about standing questions. So what injury, in fact, do you allege here? You're complaining about delayed vesting, right? So under delayed vesting, she doesn't own her car during the bankruptcy that belongs to the bankruptcy estate. If she's short on money to pay the light bill or to buy groceries on a Friday afternoon, she's not permitted under the bankruptcy code to go drive Uber for the weekend to earn additional money. In order to do that, she would have to go to the court, file a motion, wait for the appropriate amount of time to have that hearing held. I'm talking about Article 3 standing. So she has to show an actual injury in fact, right? Yes, Your Honor. The Ninth Circuit in NRA CISC has an excellent analysis over this. And it's the risk of real harm under Spokio. Because when we file a plan, we don't know everything that's going to happen in the debtor's life throughout the course of that plan. But we know what additional hurdles and projected costs that could be placed on her because she has to go seek further relief from the court to use the property that did belong to her before filing the case. I think there's a fair amount of law that you can't just hypothesize something that will happen in the future. If that's all you have, that's fine. And we'll address that. But I don't think that you've shown that delayed vesting has harmed you or harmed her. And that's the problem with plans under the bankruptcy code is it's projected, it sets in the rights as a confirmation. And you're bound by those rights. And you don't know what's going to occur during the course of the plan. That is the fundamental problem of standing in the Chapter 13 bankruptcy. All right. All right. Thank you, Mr. Mosley. Mr. Cook. Good morning, Your Honor. Richard Cook on behalf of Amici Curie. Judge Motz, if I could address your standing question. Great. Kind of right off the bat here. So the Supreme Court in Spokio kind of reemphasized in 2018, you know, there has to be injury in fact in order to have standing. There must be an injury in fact, a causal connection between the injury and the conduct, and then the likelihood the injury is redressed with a favorable decision. As to the question of an injury in fact, in the Spokio decision itself, Justice Alito, writing for the majority, pointed out that the violation of a procedural right can give rise to an injury in fact. And so the procedural right here that has been abridged is the debtor to be able to choose the plan terms in her own plan. And so the procedural right that's been abridged is the use of 1322B9, which allows the debtor through the plan to choose when property of the estate vests. If you back up 1321 of the bankruptcy code, it might be the shortest provision of the code. Like the debtor can file a plan. That's it. They're the only party who can file a plan. If you look at 1323 of the code, it talks about modifying a plan before confirmation. Only the debtor can modify a plan before confirmation. Court can't modify that plan. Trustee can't modify that plan. Creditor cannot modify that plan. Local rule cannot modify that plan. And so it is the debtor with the exclusive right to propose their plan. And so in this case, the debtor was harmed by not being able to propose her plan. She was straightjacketed into the terms of the Western District. And so one underspoke here, we think that gives right, the abridgment of a procedural right does give rise to an injury in fact. But more importantly here, vesting is title to property. And so when we talk about vesting, we mean the transfer of title. When a debtor files a bankruptcy case, all of their property is now titled with the bankruptcy estate. If you look at Section 541A of the bankruptcy code, everything the debtor has an ownership interest in when they file a case, property of the estate now. And so vesting now is how do we get title back to the debtor or back to someone else. And so when we talk about vesting, we talk about title to property, the bundle of sticks we all learn about in First Yield Real Property. This debtor right now does not have that bundle of sticks title to her property. Well, I take that and I thought about all of that, but what I don't see is any explanation how she's explained that later vesting harms her or what she might gain from earlier vesting. So probably the easier way to explain this is a debtor in Chapter 13 has some rights of a trustee. If you look at Section 1303 of the bankruptcy code, the debtor is the one separate and apart from the trustee with the right to use property of the estate. So we look at Section 363B of the code talks about use of property of the estate. If the trustee, and here we mean the debtor, if you're going to use property of the bankruptcy estate outside of the ordinary course of business, you've got to get court permission. And so we have a scenario here with the debtor not having title to her property, not having that bundle of sticks. She also has the additional administrative burden of any time she wants to use her property outside the ordinary course of business. For example, if she wants to lease her car or she wants to take any number of other steps, whether it be incurred debt, sell property. Well, that is what she says. She's not explained how the later vesting harms her or what she might gain from an earlier vesting. What she says is to the contrary. She describes that the economic scope of her harm is unknown and possibly zero. That is, she says, the extent of the monetary harm or acknowledged or lack thereof is usually unknown at the time of the confirmation. The extent of the economic harm will be unknown until the plan is completed. She also acknowledges that revising, vesting at confirmation creates for debtors risk of collection efforts by post-petition creditors. She gives no reason why she prefers this course to the other course. So if I could address the – I just don't see how she's shown Article III standing. So the best example I can give, counsel talked about it a little bit, in racist. It's cited in the amicus brief, Ninth Circuit opinion from 2020. CISC was a case where, similar to this one, debtor files a plan and the court actually sua sponte denies confirmation. Debtor has to propose plan with offending provisions, offending to the debtor, object to their own confirmation to then go up on appeal. In that particular case, within racist, this standing argument, this is a great case for analyzing the standing question. It talks about how the possible future harm in the bankruptcy case as a result of this with increased administrative costs with possible motions to modify. What do you mean it talks about? Who talks about it? The court in CISC. Yes, but did somebody make that argument to them and have actual facts? Well, right, but they talked about how possibly this will increase the administrative burden in their Chapter 13 case in the future. That the risk of harm with additional attorney's fees, having to come back to court to take additional steps, that, according to the court in CISC, the Ninth Circuit panel in that case, got across. But he says the extent is unknown. Well, that's. So how, okay, I think I've got the drift of what you're saying. I got it. Thank you. Well, even the violation of a procedural rule, like her not being able to use the bankruptcy code as written, that is an injury in fact underspoke you, the abridgment of a procedural right. So you talk about the administrative burdens of having to go back to the court, but isn't that just a necessary consequence of filing a Chapter 13 plan? I mean, in your scenario, it sounds like the bankruptcy court is nothing more than a potted plant because the debtor is in charge. It's more than a potted plant, but I do. And this, I guess, helps go back to answer the question from Judge Wilkinson in the beginning. Is the Western District form plan permissible? Yes, absolutely. The problems come into when the debtor wants to change one of those terms with a nonstandard provision to allow for earlier vesting, much like the national plan allows a debtor to choose when vesting. So does the debtor have to explain herself in that instance? Well, so if you look at In re Cherry, which we cited, which is the Seventh Circuit on this, which has taken the opposite approach of the lower courts here, In re Cherry says the bankruptcy court, the default you have to vest at confirmation. And if you will deviate from that, must be specific findings to this particular case. So that is the opposite of what we have here. So if this case is affirmed, there will be a defined circuit split with the Seventh Circuit on this. So you're suggesting here that it would have been impossible somehow or unduly difficult for the debtor to take advantage of a nonstandard condition and permit the vesting to take place at the time of confirmation? Wasn't that within the debtor's power in this very proceeding? Correct. And that's exactly what the debtor proposed here. Is the debtor proposing a nonstandard provision that would allow her property to vest with her on confirmation? The question I'm asked is you could have had what you're asking for. Is that right? No. I mean, I'm just saying you could have had what you're asking for here. Is that correct? I guess I'm not quite understanding. I mean, the court rejects. Why is it incorrect? Well, the debtor in this case asked the bankruptcy court through her plan to allow her property to vest with her at confirmation. And the bankruptcy court says, no, we can't do that because we have a longstanding practice to where it has to vest at final decree. And so she was not able to get what she was asking for. And because we get into the discretion, you'd ask the earlier question to Judge Wilkins about discretion here. The may appears in a lot of places in these Chapter 13 provisions. But the may rests with the debtor. It actually doesn't rest with the court. And like I said before, 1321 is clear. Only the debtor can file the plan. 1323 is clear. Only the debtor can modify the plan. And when we get into the discretion, this is where we think Cherry kind of got off the rails a little bit in the Seventh Circuit. Cherry believed that the court has full discretion to choose when vesting occurs. You know, if you look at the language of 1327B, it states, except as otherwise provided in the plan or the order confirming the plan, the confirmation of the plan vests all property of the estate and the debtor. Mr. Cook, I'm sorry. You're up over time. But I wanted to ask just so I understand what your position is here. I think I do. But I think I heard you say that you don't think there's anything wrong per se with the local rule. Is that fair? Correct, Your Honor. So long as there's an outlet for the debtor to propose a different time of, you know, confirmation, discharge, close of the case, right? Correct. That's what happened here. But in response to that request, the district court rejected it, not the district court, the bankruptcy court rejected it out of hand citing to their local rule. And that's where you have a problem. So what does the debtor have to, and it gets back to my earlier question, does the debtor have to explain why it wants a different time of vesting? Or is it just, in this case, because it's the default provision, that's it? That's good enough? So I really don't think so. You don't think so? I don't think the debtor has to explain. I think the debtor has that broad discretion to choose when. And there could be many different reasons as to why the debtor would choose differently. For example, the Seventh Circuit and Eleventh Circuit, and we've cited these in our brief, property of the estate that is necessary to fund a plan, it remains property of the estate. So for example, if this debtor has property that they may need to liquidate to fund the plan. Maybe the debtor is not eligible for seven relief because there's too much income. But they might, for example, I live near the water in Wilmington. Maybe the debtor has a boat with a lot of equity, can't protect that equity, has to pay it into the plan to satisfy the best interest of the creditors test. The debtor may say, I don't want the boat to vest because I need to sell it to help repay my creditors. That could be a particular reason why debtors may not want. But in your view, she doesn't have to give a reason. Correct. She's the one with that discretion. And I want to point out why the court doesn't necessarily have this unfettered discretion. Like Cherry thinks, if you look at 1326A, 1326A of the code says, unless the court orders otherwise, payments are due the month after the bankruptcy case is filed. You have that specific language, unless the court orders otherwise, which is magic language for discretion solely with the court. 1327B doesn't have that. It says, unless otherwise provided in the plan. The debtor is the one with sole control over the plan. Now, if the debtor has an offending vesting provision, it's possible that confirmation outlook is a thumbs up or thumbs down proposition. The court may say, we don't need to have that plan, and here are the reasons why. But the debtor does have, in our opinion, the unfettered discretion to choose when vesting. All right. Thank you, Mr. Cook. Thank you. Ms. Green. May it please the court. Ms. Trantham, the appellant, has the burden to show adverse financial impact to meet the standard for bankruptcy appellate standing. This goes to Judge Monson's questions regarding standing, which appears to be the topic for this morning. Could you lower the microphone just a bit? Yes. It's important to me to hear what you have to say. Absolutely, Your Honor. I'll try to speak up. This court in NRA Urban Broadcasting stated and made clear that the test for an appellant to establish bankruptcy appellate standing is to show sufficient facts that show adverse financial impact. What would you have the debtor do here? Do you think the debtor could have had vesting take place at the time of confirmation if it had wanted? Your Honor, our position is that if the debtor could have shown a reason. Could the debtor have gotten what the debtor wanted? Could the debtor have gotten vesting at the time of confirmation in this case? No, Your Honor. And the reason for that is that the entirety of her pre-petition property. Why couldn't the debtor get vesting at the time of confirmation? Your Honor, it's the trustee's position that the juncture for that to occur would have been the time when Judge Diaz spoke of that, which would be upon the trustee's objection. The bankruptcy court would hold a hearing. Ms. Trantham would have to show a reason for vesting. She did not do that. If she had a reason, and she had shown a reason, then this court would have standing if the bankruptcy court did not allow her to have vesting. So the thing that you would have wanted her to do that she didn't do was to show some reason why vesting should take place at the time of confirmation. Absolutely, Your Honor. That is our position. And that goes directly to Judge Diaz's question about the appropriate time for that to be stated is upon the trustee's objection. So the bankruptcy, your view of the way the system works is that the bankruptcy court rule is, the Western District's rule is a valid rule. And that the debtor has a right to vary or modify that rule, but it's a qualified right, as I understand it. And it's a qualified right in the sense that if you want vesting to take place in a non-standard fashion, you should provide some reason why it's important to you. Absolutely, Your Honor. That's the way the system operates now, and that's what you want. Yes, Your Honor. And there's important policy reasons for that to be the case. It goes to the shared responsibility for administering bankruptcy cases. Federal Rule of Bankruptcy Procedure 1001 is the first rule of bankruptcy procedure. And it states that the rule shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every... Did the debtor deviance any reason here as to why vesting at the time of confirmation was important? Your Honor, there's mixed responses to that in the briefing. On page 6, she states that delayed revesting violated her rights and added complexity to the case. And she also states, quote, she had no use for delayed revesting. These are very conjectural, broad statements. And the question becomes, the debtor says, I would like to vary the standard condition and have vesting take place at the time of confirmation. The bankruptcy court or the trustee would like to have some explanation of why you want this done. And then at that point, the bankruptcy court can either accept the explanation or reject it. And there's a standard of review for us over the bankruptcy court's rejection of a debtor's claim for a nonstandard condition. Is that reviewed under an abusive discretion standard? Is this something over which a bankruptcy judge or the trustee would have an inherent kind of discretion to deny confirmation or to deny the request for a nonstandard condition? Your Honor, the standard of review here is de novo. Both my opponent and I agree on that. I would like to speak very directly to the standing issue because in preparation for oral argument, it came to my attention that... Sorry, but at de novo, we would still have to review whether a reason was supplied and whether the rejection was also reasonable. Absolutely, Your Honor. So there's a reasonableness standard, right? Well, the standard is adverse financial impact, meaning Ms. Trantham has to show a financial stake to some impact, some concrete, tangible impact. And this morning, my opponent has spoken very much about the debtor's exclusive right to... So you're saying, to come back to Judge Motz's good question, is that if you don't show some kind of adverse financial impact from the application of the standard condition, that there's no injury? Absolutely, Your Honor. And that is a threshold determinant for this court to consider the merits of Ms. Trantham's appeal. And we've been talking about standing in the context of Article III standing and the Spokio decision, which Ms. Trantham cannot meet because her asserted impact is... To answer that question, do we need to pass judgment on the local rule? I'm not anxious to leave. This is an important matter for bankruptcy administration. I'm not anxious to leave it hanging. In order to answer the standing question, do we have to assure ourselves that the application of the standard condition is permissible? One, because it was the application, it is the local rule that led to the injury or to lack thereof. If the local rule is valid and there may be non-injury, but in other words, I think that the local rule is tied up in the question of injury in some way. Do we need to pass on the local rule before we get to the question of whether there's an injury? Your Honor, the answer to that question is no. It is the trustee's position that Ms. Trantham has not met the threshold burden to show standing and that this court does not need to reach the question. It's the trustee's position that the local form is in fact consistent with the bankruptcy code. The bankruptcy code is permissive, but this court does not need to reach that. Again, going back to Spokio, the Federal Circuit Courts are virtually unanimous in holding that the person agreed standard for bankruptcy appellate standing is more stringent than Article III standing. It appears that only this circuit, the Tenth, and the D.C. Circuit have not explicitly... But why would there be no standing here? Because the timing of vesting is a big deal for the debtor, and whether vesting occurs at the time of confirmation or the time of discharge would materially affect what disposition a debtor could make of his assets or what kind of transfers the debtor could put into effect. So, given that the timing is a big deal for a debtor in terms of the latitude that he would have to dispose of or the necessity of getting a court order in order to dispose of assets, why wouldn't there be... Simply because it matters significantly to debtors when exactly vesting occurs? Your Honor, this question goes to the right relationship between the bankruptcy court, the trustee, creditors, and the debtor. Certainly, it's important for a debtor to have the right to vesting in an appropriate situation when she's provided a reason to do so. But why is that? So, let me go back to the way your colleague on the other side framed this issue. You begin with the premise that it's the debtor's right to propose a plan. You don't disagree with that, do you? We do agree that generally it's the debtor's right to propose a plan. So, you're saying by implication that it's the debtor's right to decide initially when confirmation should take place. So, why hasn't the bankruptcy court in this case sort of flipped that on its head? Your Honor, the reason why the debtor does not have the unfettered discretion to propose a plan is because Congress has made the delegation under the Bankruptcy Rules Enabling Act, I believe it's 28 U.S.C. 2075, to give the bankruptcy courts the ability to create these local forms. And she is still bound by that delegation of rulemaking authority where these bankruptcy courts have to have uniformity in order to administer the cases fairly and efficiently. Right, but that delegation can't be inconsistent with any rights granted under the code. And your colleague on the other side says that this is one of those valuable rights granted to the debtor, the right to decide confirmation, the right to decide when the timing is going to occur. Your Honor, we disagree with the opponent's argument on that issue. The plain language of 1322B9 and 1327B are permissive. These are the critical statutes on which this case turns. And the first one says that vesting is permitted on confirmation or at a later time in the debtor or any other entity. And then 1327B has that broad exception except as otherwise provided in the plan or the order confirming the plan. And so the bankruptcy code itself does not create a substantive right to vesting in the debtor at confirmation. It's permissive. Those statutes are read together. And although the debtor has the exclusive right to propose a plan, their position would almost narrow the code sections to 1322 and 1325 to have this court look only at those sections. But there's the entirety of the bankruptcy code coupled with the Rules Enabling Act, which grants the bankruptcy court's discretion to create these local forms, which are very important to the efficiency, which is the ultimate goal of bankruptcy. This court in N. Ray Clark in 1991, which was a Judge Phillips decision, emphasized the role of the trustee in monitoring the cases and essentially being almost, I think the word was a watchdog, for the administration of these cases. So what would be wrong with a, and I think this may be the way the system works, two-way flexibility that the bankruptcy, that the Western District has a right to have its local rule in place, but the debtor also has a qualified right to vary the standard condition with supplying a reason and that the bankruptcy court has a right to rule on the reason for varying the standard condition and to allow vesting to occur at the time of confirmation in all cases where there is an adverse financial impact. And we also review, or the district court would review, the reasonableness of the rejection under a de novo standard. So it's a two-way flexibility with the debtor's right being a right but a qualified right subject to the reasonableness of a, to the ultimate decision of the bankruptcy court to accept or reject the variation. Is that the kind of, is that the kind of working or the way you think this system should work? Yes, Your Honor, and I think that helps to, helps me to answer Judge Diaz's question, which goes to why this does not abridge a substantive requirement. Under this system, if it's what you're looking for, when would there be a final judgment? There has to be a final judgment in a bankruptcy case in order for the district court to be able to review it. The final judgment, that wouldn't, the fact that there was a rejection of the debtor's request for a variation from the standard condition, that matter would still be interlocutory, would it not? Your Honor, the finality in this case in particular occurred at the point when the bankruptcy court, Judge Hodges, heard the trustee's objection and considered it and then entered his order sustaining the trustee's objection and then the parties actually worked together, the Trantham's counsel. But let's suppose ultimately the parties can't negotiate it through and they just remain at loggerheads and the bankruptcy court has denied the request for a variation. I still want to know whether that's a final judgment because, you know, the final judgment rule is different in bankruptcy proceedings from normal civil proceedings, but not that different. But it says it must conclude a proceeding. But would this be, I'm still not persuaded that this would be necessarily interlocutory. I mean, it might be interlocutory because it's a sort of an interim matter which might wash out because the vesting is going to be, everyone agrees that vesting would occur no later than discharge. Why wouldn't that be just one of those interlocutory matters that we would wait for the final proceeding to wrap up? It might wash out. Your Honor, in fairness to debtors, it does make sense to require the bankruptcy court to have a ruling, which it did in this case because you're absolutely correct that the bankruptcy court has oversight over the entire proceeding. But that ruling would be appealable immediately even though the bankruptcy proceedings still had a good ways to go? Yes, Your Honor. I thought your position was it wasn't immediately appealable. I thought that's how you started out. No, I'm sorry, Your Honor, that was a misstatement on my part then. Is that how you started out? Okay, so what did you mean to say? I meant to say, Your Honor, that when the bankruptcy court rules on the trustee's objection after the hearing, that is a final order and it is subject to immediate appeal, which Mr. Mosley did in this case and appealed within the proper 30 days. It is not an interlocutory order. It does have finality. Are all the courts rude on this matter? I'm not aware of any ruling. I did not find that, Your Honor, in research or preparation for oral arguments. Well, what is the – I'm sorry, it's hard to get a word in – what is the injury in fact that has been suffered? Your Honor, there is none. Well, then how can you be on appeal? Well, that is the problem here and that is our position is that there should not – this case should not be on appeal, but Ms. Trantham has pursued the case through successive appeals. But you would say the appropriate thing is to dismiss because there's no jurisdiction, right? Because there's no right – there's no injury in fact, no right to appeal. Well, there's two different tests for bankruptcy standing. The test in bankruptcy court is lower, but the test going to the district court is when it becomes heightened. That's very clear, but the test in bankruptcy is lower. The district court's order in this case used standing as the secondary rationale for its holding, and it's our position that that should be flipped, that this court should look at the standing first, which is more stringent even than Article III standing. So that should be flipped, and the district court did not have standing, although there needs to be some finality for debtors to raise these issues and bring them to the appellate court. Right, and that's the problem in the future for some other agency or court or something, but we're resolving this case here, right? Absolutely, Your Honor. And so what should we do with respect to this case? It's our position that the court should affirm the district court, based on the fact that Ms. Trantham has not identified any adverse financial impact, and so the trustee respectfully requests that the court affirm the district court. Why wouldn't we vacate and remand because there's no jurisdiction? Because that would give her another opportunity. You told me there was no injury in fact. Well, it's our position that she should not be able to pursue a case for two or three years and then go back and then decide that she's had an adverse financial impact. It's her burden. I mean, I understand as a matter of policy you don't like that, but if there's no jurisdiction, there's no jurisdiction. We don't deal with the good or the bad of what's happened in the case, right? Yes, Your Honor. We don't believe you need to reach the merits. You think there's no jurisdiction here? Absolutely. There is no jurisdiction because it's a threshold determinant. I mean, presumably a decision could be final for appellate purposes, and this court has recently said that the test for standing is not so high to go to this court, to have this court look back at the standing that was established below, and that's in our brief. I don't have the page number, but a recent decision of this court essentially said that if you raise the standard for standing so high that Ms. Trantham could not come here and address these issues with this court, then that debtor would essentially have no opportunity to ever have this case considered. So how does that case help you? I just want to know what your position is. Our position, Your Honor, is that Ms. Trantham had the burden to show adverse financial impact. That would have been at the district court's stage, but she should have done it when the trustee made the objection. She's had multiple opportunities. The juncture to show adverse financial impact would have been when Judge Diaz described, which is when the trustee made the objection. She didn't state it then. She didn't state it in the bankruptcy court. She identified no adverse financial impact. She did not state it in the district court. She did not state it in her opening or reply brief, and she still has not stated it here, and so there is no jurisdiction, and this court does not need to consider the merits of her appeal. Do you have any further questions? Thank you, Ms. Green. Mr. Mosley? First, I'll address Bullard v. Blue Hills Bank with the Supreme Court case that says that the denial of confirmation is not a final order, but if it's denied and then there is a later confirmed plan, that is the stage at which the debtor can appeal. That is the method that the Supreme Court has established for appealing denial of confirmation. To address Your Honor's question of is the debtor required to explain the provision, the answer is no. This court in LVNV Funding v. Harling, which we believe is precedent, sets forth that the court can't insert their own provisions into the plan, that if 1325A is satisfied and there's no objection under 1325B, the court must confirm the plan. If the trustee wanted to raise the question of whether or not vesting was appropriate, they would have had to come up with some reason to show bad faith to re-vest at confirmation. Now, because the code recognizes vesting at confirmation as an option, that would be an extremely high burden to meet. We may look to the Seventh Circuit where debtors are using the bankruptcy code to abuse the process by illegally parking and absconding from having their vehicle impaired. That's not the case here. So the trustee couldn't make that objection here. So Ms. Trantham does not have to show any reason why it should re-vest at confirmation because that is her choice under the bankruptcy code. But under Article III, to have standing, doesn't she have to show some sort of injury in fact? Yes. And what is that? That injury in fact impairs her ability to earn income. To what? To earn income. It raises the threshold of how much money she has to make because now if she wants to use her car and it's not re-vested, if she wants to use her car outside of the ordinary course of business, she's got to go back to the court. She's got to pay additional attorney fees for that. There's a local Form III in the Western District that sets forth certain base fees and non-base fees. So you premise that with an if and I guess that's the problem. Does she have to make an affirmative offer of proof that I intend to use my car to do X? I think you gave the Uber example. But I am barred by doing it because my plan, the vesting hasn't occurred until later. Does she have to do that? No. Not if this court follows in recess, which we think sets out the standard. So any potential hypothetical harm, that's the problem, isn't it? I mean we're kind of dealing in hypotheticals. She might use her car, she might not. Yes. What kind of standing jurisprudence is that? As CISC says, and I'm going to cut some of this out, while the debtors concede the exact effect of the bankruptcy court's order is unknown at this time, they face a risk of real harm and increased economic burdens due to the bankruptcy court's order. C spoke here. Then later it says the injuries are particularized since each debtor suffered an impairment to their ongoing bankruptcy case. And that's what's happening here. It affects the ongoing case and the burdens that she must now show to fully use the vehicle that is no longer hers, that belongs to the bankruptcy estate. All right. Thank you, Mr. Mosley. We'll come down. I appreciate the arguments on both sides. We'll come down and re-counsel and take a recess before moving on to our final two cases.
judges: Albert Diaz, J. Harvie Wilkinson III, Diana Gribbon Motz